NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ADAM MENA ANGULO, *Appellant.*

No. 1 CA-CR 16-0203
FILED 9-21-2017

Appeal from the Superior Court in Maricopa County
No.  CR2014-005354-001
The Honorable Pamela S. Gates, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Donn Kessler[1] joined.

---

**H O W E**, Judge:

¶1　　　　This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Adam Mena Angulo has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Angulo was convicted of one count of second-degree murder, a class one dangerous felony with one prior felony conviction. Angulo was given an opportunity to file a supplemental brief in propria persona; he has not done so. After reviewing the record, we affirm Angulo's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

¶2　　　　We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Angulo. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998).

¶3　　　　Late one evening in August 2004, Angulo was at a Phoenix bar with some friends. At some point, a woman entered the bar and told Angulo that someone had hit his car. Angulo and his friends immediately ran out of the bar and toward the parking lot. Angulo then started chasing someone and shot the person multiple times in the back and leg, killing him. Nearby, Angulo's friends were beating another man up, punching and kicking him until he bled. Angulo then walked away and hung around the parking lot with his friends. He placed the gun inside his parked convertible, then eventually got in another car and drove away. A bouncer from the bar then called police. Phoenix Police officers arrived soon after and interviewed two eyewitnesses and the bar bouncer. One of the eyewitnesses led officers to the convertible, where the officers found

---

[1]　　　The Honorable Donn Kessler, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

Angulo's gun. At the time, no one identified Angulo as the person who fired the shots. The case was then designated a "cold case" by the Phoenix Police Department.

**¶4**        Eight years later, the Phoenix Police Department assigned a detective to look into the eight-year-old unsolved murder. As part of his investigation into the case, the detective listened to the interviews from the 2004 incident and reached out to the witnesses. When he spoke to the bouncer, the bouncer admitted that he saw Angulo fire the shots and that he knew Angulo as a regular at the bar, but that he did not say so eight years earlier for fear of retaliation. The detective also contacted the eye witness who had led the officers to Angulo's convertible to find the gun. The detective showed the witness a photo lineup consisting of photos of people identified as "target suspects" in the case. The witness identified Angulo's photo as the person she saw shoot the victim.

**¶5**        The State subsequently charged Angulo, who was then serving a 10.5-year prison sentence for an unrelated conviction, with one count of second-degree murder. The State alleged that Angulo had six historical prior convictions, but later withdrew three of them for sentencing enhancement purposes and to limit the jury to eight people. The State also alleged six aggravating factors, including that the offense was especially cruel and involved the presence of an accomplice. Finally, the State alleged that the charged offense was an aggravated or violent felony.

**¶6**        After Angulo's arraignment, his public defender moved to withdraw herself and the entire office from representation because of a conflict with an essential witness in Angulo's case. The trial court granted the motion and appointed another attorney to represent Angulo. Angulo also received associated counsel pursuant to *Knapp v. Hardy*, 111 Ariz. 107 (1974).

**¶7**        At the beginning of his jury trial, Angulo objected on relevance grounds to the admission of two pieces of evidence relating to an alleged beating victim from the incident—who was not a named victim in the case. The court overruled the objection subject to the State's laying proper foundation for the jury. During trial, eyewitnesses who had led police officers to the convertible and later identified Angulo in the photo lineup testified and identified Angulo in court. Regarding her 2012 photo identification, however, the witness called the photo a "mugshot," prompting Angulo to move for mistrial, arguing that the description prejudiced him because it suggested that Angulo had had previous

criminal incidents. The court denied the motion, but allowed the parties the opportunity to stipulate to a statement regarding photo lineups usually containing Motor Vehicle Division photos. The trial court also told Angulo that it would defer to his choice to give a curative instruction to the jury or to not call the jury's attention to it. Angulo chose "to leave it."

**¶8**      After the State rested its case-in-chief, Angulo moved for a judgment of acquittal, but the trial court denied the motion, finding that substantial evidence existed to support a conviction. The court then read the jury its final instructions and dismissed it to deliberate. The following day, the jury convicted Angulo of second-degree murder and after the trial's aggravation phase, found that the State had proved three aggravating factors: the offense involved the use of a weapon, the offense involved an accomplice, and the offense caused serious emotional or financial harm to the victim's family.

**¶9**      The trial court conducted the sentencing hearing in compliance with Angulo's constitutional rights and Arizona Rule of Criminal Procedure 26. At the hearing, he admitted his 2008 prior felony conviction. Upon considering the aggravating and mitigating factors, the trial court found that the aggravating factors outweighed any mitigating factors to justify a greater-than-presumptive sentence, but nevertheless sentenced Angulo to a presumptive term of 20 years' imprisonment to be served consecutively to a sentence that Angulo was presently serving. Angulo timely appealed.

## DISCUSSION

**¶10**      We review Angulo's conviction and sentence for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011). Counsel for Angulo has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Angulo at all stages of the proceedings, and the sentences imposed were within the statutory guidelines. We decline to order briefing and affirm Angulo's conviction and sentence.

**¶11**      Upon the filing of this decision, defense counsel shall inform Angulo of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue

4

appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Angulo shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

**CONCLUSION**

¶12        For the foregoing reasons, we affirm.

